IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACQUELINE K. PIETERSE, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:22-cv-00900-PX |
| TYLER DONEGAN DUNCAN REAL ESTATE SERVICES, INC., *et al.* | * | |
| | * | |
| Appellees. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is pro se Debtor-Appellant Jacqueline Pieterse's appeal related to the Bankruptcy Court's denial of her Amended Disclosure Statement.[1] The appeal is fully briefed, so no hearing is necessary. D. Md. Loc. R. 105.6. For the following reasons, the Court dismisses the appeal for lack of jurisdiction and remands the case for further proceedings consistent with this opinion.

**I.  Background**

Appellant Jacqueline Pieterse ("Pieterse") has enjoyed many careers, including as a consultant for Tyler Donegan Duncan Real Estate Services, Inc. ("TDD") regarding its management of a medical office building. ECF No. 4-63 at 4-5. On February 14, 2017, TDD sued Pieterse in the Frederick County Circuit Court for breach of contract in connection with her consulting job. *Tyler Donegan Duncan Real Estate Services Inc. et al. v. Jeffrey Cahall et al.*, No. 10-C-17-000401 (Cir. Ct. Frederick Cty. Feb. 14, 2017). The law firm Gordon & Simmons, LLC ("GS") represented Pieterse in that litigation. ECF No. 4-58 ¶ 10.

---

[1] Because Pieterse proceeds pro se, her pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *See Cofield v. Williams*, No. ELH-21-1070, 2022 WL 195492, at *1 (D. Md. Jan. 21, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

On July 9, 2019, following a 12-day bench trial, the Circuit Court found Pieterse in breach and ordered that she pay TDD $367,523.00 in damages. Pieterse timely appealed to the Maryland Court of Special Appeals. While that appeal was pending, the judgment from the Circuit Court action automatically lodged as a lien against her most valuable asset, the property located at 8751 Pete Wiles Road in Middletown, Maryland ("the Residence"). ECF No. 4-10 at 22-23. Pieterse had rebuilt the Residence after a terrible fire, and TDD was involved in the rebuild project. ECF No. 4-63 at 8. The Residence cost $1.2 million to rebuild and is valued near that amount. ECF Nos. 4-10 at 2 & 4-13 at 1.

On August 7, 2020, Pieterse voluntarily petitioned for Chapter 11 bankruptcy. *See generally* ECF Nos. 4-1 & 4-2; *In re Pieterse*, No. 20-17425 (Bankr. D. Md. Aug. 7, 2020). The Bankruptcy Act's automatic stay provision halted the civil action. 11 U.S.C. § 362(a)(1). Pieterse next submitted to the Bankruptcy Court a schedule of assets and liabilities, which included TDD's claim against the Residence and GS's claim for approximately $170,000 in outstanding legal fees. ECF No. 4-3 at 17, 21.

On March 9, 2021, Pieterse initiated in the Bankruptcy Court an adversary proceeding against TDD related to the breach-of-contract dispute (ECF No. 4-70), and later, a separate adversary proceeding against GS for legal malpractice. ECF Nos. 4-58 & 4-71. The Bankruptcy Court abstained from exercising jurisdiction over both proceedings and modified the automatic stay under Section 362 to allow Pieterse to pursue her claims against TDD and GS in state court. *See* ECF Nos. 4-70 at 5-6 & 4-71 at 3.

On January 31, 2022, Pieterse filed an amended Disclosure Statement (the "Disclosure Statement") and proposed Chapter 11 Plan with the Bankruptcy Court. ECF Nos. 4-10 & 4-15. Relevant to this appeal, both documents identified TDD and GS as "unimpaired creditors." ECF

No. 4-10 at 5, 8, 25-27; *see also* ECF No. 4-15 at 6, 9, 18-21. Notably, unlike creditors who hold "impaired" claims against the bankruptcy estate, creditors who hold "unimpaired" claims cannot vote on any proposed Chapter 11 reorganization plan. 11 U.S.C. §§ 1126(f) & 1129(a)(7)-(10); *see also In re Neogenix Oncology*, Inc., 508 B.R. 345, 353 (Bankr. D. Md. 2014). Predictably, therefore, TDD timely objected to Pieterse's characterization of its claims as "unimpaired." *See* ECF No. 4-27 at 4-6.

The Bankruptcy Court held a hearing to discuss with Pieterse several deficiencies in the Disclosure Statement, including whether the statement should characterize TDD and GS's claims as "impaired." After argument from the parties, the Court directed Pieterse that the Disclosure Statement must characterize the claims as "impaired," even if Pieterse viewed the claims otherwise. ECF No. 10 at 14-15, 18-20; ECF No. 4-32 at 2. The Bankruptcy Court also made clear that once Pieterse amended the Disclosure Statement, the statement would be approved, and the Chapter 11 case would proceed. *Id.*

Pieterse did not amend the Disclosure Statement as directed. *See* ECF No. 4-69 at 2-3. Instead, she noted this appeal. ECF Nos. 1 & 1-1. Thereafter, on April 21, 2022, the Bankruptcy Court, by written order, denied the approval of the Disclosure Statement "for the reasons stated on the record at the March 28, 2022 hearing, and given the Debtor's failure to file a revised disclosure statement and revised Chapter 11 plan[.]" ECF No. 4-35 at 2. Pieterse timely amended her notice of appeal such that she challenges the Bankruptcy Court's determinations at the March 2022 hearing as well as the April 21 Order. ECF Nos. 3 & 3-1.

II. **Legal Standard**

On appeal, this Court reviews the Bankruptcy Court's legal conclusions *de novo* and findings of fact for clear error. *In re Dornier Aviation (N. Am.), Inc.,* 453 F.3d 225, 231 (4th Cir.

2006).  A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948).  On review, this Court may affirm, modify, or reverse the Bankruptcy Court's order, or remand with instructions for further proceedings.  *See Tidewater Finance Co. v. Williams*, 341 B.R. 530, 533 (D. Md. 2006).

### III.    Analysis

TDD principally argues that the appeal must be dismissed for lack of jurisdiction because it does not challenge a final judgment, order, or decree.  ECF No. 7 at 10-14.[2]  The Bankruptcy Act plainly circumscribes this Court's appellate jurisdiction solely "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . . and (3) with leave of the court, from other interlocutory orders and decrees[.]"  28 U.S.C. § 158(a).  A bankruptcy court order is final when it "definitively dispose[s] of discrete disputes within the overarching bankruptcy case."  *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).  Although the Court must liberally construe the appeal in favor of finality, *In re Rood*, 426 B.R. 538, 547 (D. Md. 2010) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986)), this flexibility is not infinitely elastic.

As to the Bankruptcy Court's denial of Pieterse's Disclosure Statement, this Order is not appealable, and for good reason.  *See Askri v. Fitzgerald*, 612 B.R. 500, 505-06 (E.D. Va. 2020) ("There is no doubt that a bankruptcy court order denying approval of a disclosure statement is interlocutory.") (citing *In re Wallace & Gale*, 72 F.3d 21, 25 (4th Cir. 1995)).  *See also In re:*

---

[2] On appeal, GS has adopted TDD's briefing as its own.  ECF No. 8.

4

*Waterville Timeshare Group*, 67 B.R. 412, 413 (Bankr. N.H. 1986); *In re: Ionosphere Clubs, Inc.*, 179 B.R. 24, 26-27 (Bankr. S.D.N.Y. 1995). Judicial review of a disclosure statement is performed simply to ensure that the debtor has provided "adequate information" regarding the proposed Chapter 11 Plan. *See In re Ferguson*, 474 B.R. 466, 470-71 (D.S.C. 2012); *In re Robert's Plumbing and Heating,* LLC, No. 10-23221, 2011 WL 2972092, at *1-2 (Bankr. D. Md. July 20, 2011). Adequate information includes a statement regarding the nature of the claims. *See In re Ferguson*, 474 B.R. at 471-72. But judicial approval or denial of a disclosure statement is not a final order. Rather, the final determination on the veracity of the information included, and the rights that stem from such information, occurs when the Court decides whether to "confirm" the Chapter 11 Plan. *See* 6 Norton Bankr. L. & Prac. 3d § 110:12 (Oct. 2022 Update).

Accordingly, the Bankruptcy Court's admonition to characterize Defendants' claims as "impaired" in the Disclosure Statement was not final. Rather, it was a necessary procedural step to ensure that the disclosure statement includes sufficient information to proceed toward the final decision on the propriety of the Chapter 11 Plan. 11 U.S.C. § 1125(b). Thus, because court approval of the Disclosure Statement is a prerequisite for Plan confirmation, but does not fix any rights, it is not a final order and not appealable.

Pieterse, for her part, frames her appeal as a challenge to the "court's determination that the claims of TDD and GS . . . were impaired by Appellant's Amended Plan[.]" ECF No. 6 at 6 n.2; *see also* ECF No. 9 at 10-11. However, a finding of impairment in connection with the Disclosure Statement is also not appealable. *Cf. In re OBT Partners*, 218 B.R. 418, 420 (N.D. Ill. 1998). Under 11 U.S.C. § 1124, claims are presumptively impaired unless paid in full. *See* 6 Norton Bankr. L. & Prac. 3d § 109:7 (Oct. 2022 Update). This designation permits holders with presumptively impaired claims to at least have a provisional say in the Chapter 11 Plan. 11

5

U.S.C. § 1129(a)(7)-(10). But a provisional say is not a final one. Rather, at the confirmation stage, the Court Bankruptcy Court may strike a creditor's vote if persuaded that a presumptively impaired claim is not in fact impaired. It is at this confirmation stage that a final determination regarding impairment of claims is made. *See In re Forrest Hills Assocs., Ltd.*, 18 B.R. 104, 104 (Bankr. D. Del. 1982) ("A statement that a class is not impaired does not necessarily make it so. . . . This is a matter for determination at the confirmation hearing[.]"). *See also Dvorkin Holdings, LLC*, 547 B.R. 880, 889-90 (N.D. Ill. 2016) (assessing the impairment of claims after confirmation); *Continental Securities Corp. v. Shenandoah Nursing Home Partnership*, 193 B.R. 769, 776 (W.D. Va. 1996) (same). So because the Bankruptcy Court's decision on whether the claims are "impaired" is not yet final, the Court cannot entertain the appeal.

To be sure, Pieterse could have requested interlocutory review under 28 U.S.C. § 158(a)(3). Fed. R. Bankr. P. 8004(a). However, interlocutory appeals are generally disfavored and should be reserved for "a narrow question of pure law whose resolution will be completely dispositive of the litigation." *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989); *see also United States v. Under Seal*, 853 F.3d 706, 716 (4th Cir. 2017) (quoting *United States v. Lawrence*, 201 F.3d 536, 537 (4th Cir. 2000)). That is not this case. Thus, the Court would have denied any such request.

### IV. Conclusion

Based on the foregoing, Debtor's Appeal is dismissed for lack of jurisdiction. This case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

A separate Order follows.

| | |
|---|---|
| October 24, 2022 | /s/ |
| Date | Paula Xinis<br>United States District Judge |